UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR RODGERS,

        Petitioner,

                               CASE NO. 08-CV-13445
v.                            HONORABLE NANCY G. EDMUNDS

PERCY CONERLY,

        Respondent.
_____/

**OPINION AND ORDER GRANTING IN PART RESPONDENT'S MOTION TO DISMISS, DISMISSING HABEAS CLAIM III, AND DIRECTING RESPONDENT TO FILE AN ANSWER ADDRESSING THE MERITS OF HABEAS CLAIMS I AND II**

**I.    Introduction**

This is a habeas case under 28 U.S.C. § 2254. Arthur Rodgers ("Petitioner"), a Michigan prisoner confined at the Pine River Correctional Facility in St. Louis, Michigan, asserts that he is being held in violation of his constitutional rights. Petitioner pleaded guilty to felon in possession of a firearm and felony firearm second offense in the Saginaw County Circuit Court on November 1, 2005. He was sentenced as a fourth habitual offender to two to 25 years imprisonment and five years imprisonment on those convictions on March 30, 2006.

In his pleadings, Petitioner raises claims concerning the accuracy of sentencing information, sentencing credit, and the felon in possession statute. This matter is before the Court on Respondent's motion to dismiss the petition for failure to fully exhaust state court remedies. Petitioner has filed a reply to that motion requesting that his unexhausted claim be dismissed and that he be allowed to proceed on the remaining exhausted claims. For the reasons set forth, the Court grants in part Respondent's motion and dismisses Petitioner's third habeas

1

claim. The Court also directs Respondent to file an answer addressing the merits of Petitioner's second and third habeas claims.

## II.     Analysis

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to the state courts. Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of demonstrating exhaustion of state court remedies. The record indicates that Petitioner failed to present his third habeas claim concerning the felon in possession statute to the Michigan Court of Appeals on direct appeal of his convictions. He first raised the claim before the Michigan Supreme Court. Petitioner's presentation of that claim to the Michigan Supreme Court on discretionary review fails to satisfy the exhaustion requirement. *See Castille v. Peoples*, 489 U.S. 346, 349 (1989) (submission of claims to state's highest court on discretionary review does not constitute "fair presentation" when such review is granted only for "special and important reasons"). Petitioner has thus filed a mixed petition containing both exhausted and unexhausted claims.

Generally, a federal district court should dismiss a "mixed" petition for writ of habeas

corpus, that is, one containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see also Rust*, 17 F.3d at 160.  In his reply to Respondent's motion, Petitioner acknowledges the exhaustion problem and requests that the Court dismiss the unexhausted claim and allow him to proceed on the two exhausted claims in his petition.  The Court finds that such an action is appropriate given the total exhaustion rule and the Court's discretion to allow amendment of the habeas petition.  *See* Rule 11, Rules Governing 28 U.S.C. § 2254 Cases; Fed. R. Civ. P. 15(a); *Rose*, 455 U.S. at 510.

### III.    Conclusion

For the reasons stated, the Court concludes that Petitioner has not fully exhausted his state court remedies as to his third habeas claim, but that he should be allowed to amend his petition and proceed on the two exhausted claims.  Accordingly, the Court **GRANTS IN PART** Respondent's motion to dismiss and **DISMISSES** Petitioner's third habeas claim.  The Court also **DIRECTS** Respondent to file an answer addressing the merits of Petitioner's first and second habeas claims within **30 DAYS** of the filing date of this order.  Petitioner shall then have **45 DAYS** to file a reply to that answer.

**IT IS SO ORDERED**.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  March 16, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 16, 2009, by electronic and/or ordinary mail.

                               s/Carol A. Hemeyer
                               Case Manager