UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR RODGERS, #150628,

        Petitioner,

                                CASE NO. 08-CV-13445
v.                                 HONORABLE NANCY G. EDMUNDS

PERCY CONERLY,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS,
DENYING A CERTIFICATE OF APPEALABILITY, AND
DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

Arthur Rodgers ("Petitioner"), a Michigan prisoner confined at the Pine River Correctional Facility in St. Louis, Michigan, asserts that he is being held in violation of his constitutional rights. Petitioner pleaded guilty to felon in possession of a firearm, Mich. Comp. Laws § 750.224f, and felony firearm second offense, Mich. Comp. Laws § 750.227b, in the Saginaw County Circuit Court and was sentenced as a fourth habitual offender, Mich. Comp. Laws § 769.12, to consecutive terms of two to 25 years imprisonment and five years imprisonment on those convictions. In his habeas petition, as amended, Petitioner raises claims concerning the accuracy of sentencing information and sentencing credit. Respondent, through the Michigan Attorney General's Office, has filed an answer to the amended petition contending that it should be denied. For the reasons stated, the Court finds that Petitioner is not entitled to federal habeas relief on his claims and denies the petition. The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

1

## II. Facts and Procedural History

Petitioner's convictions arise from his possession of firearms at a residence in Saginaw, Michigan on July 13, 2005. Petitioner pleaded guilty to felon in possession of a firearm and felony firearm second offense in the Saginaw County Circuit Court on November 1, 2005. During the plead hearing, Petitioner admitted that he possessed a 12-gauge shotgun and/or a .22 caliber rifle and that he had at least three prior felony convictions, as well as a prior felony firearm conviction. As part of the plea bargain, the parties agreed that Petitioner would be sentenced within the applicable guideline range and that his sentence would be consecutive to his remaining parole term.

On March 30, 2006, the trial court conducted a sentencing hearing during which the parties discussed the accuracy of the pre-sentence reports and sentencing credit issues. At the conclusion of the hearing, the trial court sentenced Petitioner as a fourth habitual offender to two to 25 years imprisonment on the felon in possession conviction and a consecutive term of five years imprisonment on the felony firearm conviction.

Following sentencing, Petitioner filed a motion to correct his sentence with the state trial court, asserting that the court erred in relying on pre-sentence report which indicated that Petitioner pointed a gun at the victim's head and that he should be given a certain amount of jail credit toward his sentence. The trial court conducted hearings on those issues on September 18, 2006, February 13, 2007, and March 26, 2007. On October 27, 2006, the trial court issued an order denying re-sentencing, but requiring that references to the gun pointing incident be removed from the pre-sentence reports. On March 26, 2007, the trial court denied Petitioner's request for sentencing credit.

Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals

raising the same false information and sentencing credit claims contained in his present petition. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *People v. Rodgers*, No. 277412 (Mich. Ct. App. Feb. 29, 2008) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, raising the same two claims, as well as a claim concerning the felony firearm statute. The Michigan Supreme Court denied leave to appeal in a standard order. *People v. Rodgers*, 482 Mich. 894, 753 N.W.2d 191 (2008).

Petitioner thereafter filed his federal habeas petition, asserting the following claims: (1) he should be re-sentenced where he was originally sentenced based on false information; (2) he is entitled to credit for the time period prior to sentencing where he was being held on bond and on a parole hold; and (3) the felony firearm statute did not restrict him from having a long-barrel rifle or shotgun. Respondent moved to dismiss the petition for failure to properly exhaust state court remedies as to the third claim. Petitioner agreed to dismiss the third claim and proceed on an amended petition containing only the first two claims. The Court issued an order to that effect on March 16, 2009. Respondent subsequently filed an answer to the amended petition contending that it should be denied because the claims are not cognizable and/or lack merit. Petitioner filed a reply to that answer. The matter is ready for decision.

**III.    Standard of Review**

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any

3

> claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also*

4

*Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Additionally, §2254(e)(1) requires that a federal habeas court presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

In this case, the Michigan Court of Appeals denied leave to appeal for "lack of merit in the grounds presented" and the Michigan Supreme Court denied leave to appeal in a standard order. To the extent that the state courts did not specifically address whether the alleged errors constituted a denial of Petitioner's federal constitutional rights, the deference due under 28 U.S.C. § 2254(d) does not apply, and habeas review of such claims is *de novo*. *See Higgins v. Renico*, 470 F.3d 624, 630 (6th Cir. 2006) (quoting *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003), and citing *Wiggins v. Smith*, 539 U.S. 510, 534 (2003)). In any event, under either standard of review, the Court finds that Petitioner's claims are not cognizable and/or lack merit and that he is not entitled to federal habeas relief.

### IV. Analysis

#### A. Inaccurate Information Claim

Petitioner first asserts that he is entitled to habeas relief because the trial court sentenced him based upon inaccurate information, namely that he pointed a gun at a women's head during the incident that led to his arrest. Respondent contends that this claim lacks merit.

Claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review, unless the petitioner can show that the sentence imposed exceeds the statutory limits or is wholly unauthorized by law. *See Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). Petitioner's sentences are within the statutory maximums. *See* Mich. Comp. Laws §§ § 750.224f, 750.227b, and 769.12. Sentences imposed within the statutory limits are generally not subject to federal habeas review. *See Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Lucey*, 185 F. Supp. 2d at 745; *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).

A sentence may violate federal due process, however, if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *See Townsend*, 334 U.S. at 741; *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (defendant must have a meaningful opportunity to rebut contested sentencing information). To prevail on such a claim, a petitioner must show that the court relied upon the allegedly false information. *See United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992).

Petitioner has made no such showing. The record reveals that the trial court considered the circumstances of the crime, the pre-sentence report, Petitioner's criminal history, and other

permissible factors at sentencing. Petitioner had an opportunity to contest the accuracy of the reports, the scoring of the guidelines, and other matters. In fact, the trial court ordered that the gun-pointing references be removed from the pre-sentence report and indicated on the record that it did not rely upon such information at sentencing. Petitioner has not shown that the trial court relied upon materially false or inaccurate information in imposing his sentence which he had no opportunity to correct. Habeas relief is not warranted on this claim.

### C. Jail Credit Claim

Petitioner also asserts that he is entitled to habeas relief because the trial court failed to give him sentencing credit for the time he spent in jail prior to sentencing. Respondent contends that this claim is not cognizable and lacks merit.

A federal court may grant a writ of habeas corpus only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) and 2254(a). A state prisoner has no right under the Federal Constitution to earn or receive sentencing credits. *See Moore v. Hofbauer*, 144 F. Supp. 2d 877, 882 (E.D. Mich. 2001) (citing *Hansard v. Barrett*, 980 F.2d 1059, 1062 (6th Cir.1992)). A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only. *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) (citing *Travis v. Lockhart*, 925 F.2d 1095, 1097 (8th Cir. 1991), and *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988)). It is well-settled that state law issues are not cognizable on federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Draughn v. Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992) (federal courts cannot review a state's alleged failure to adhere to its own sentencing procedure). Petitioner has thus failed to state a claim upon which relief may be granted as to his sentencing credit claim.

Moreover, Petitioner has not shown that the state courts have erred or otherwise infringed upon his federal constitutional rights. Petitioner was on parole at the time of this crime. Under Michigan law, when a parolee is arrested for a new criminal offense, he is held on a parole detainer until he is convicted of that offense, and he is not entitled to credit for time served in jail on the sentence for the new offense. *See* Mich. Comp. Laws § 791.238(2). A parolee who is convicted of a new criminal offense is entitled to credit for time served in jail as a parole detainee, but that credit may only be applied to the sentence for which the parole was granted. *See People v. Stewart*, 203 Mich. App. 432, 433, 513 N.W.2d 147 (1994). A parolee who is sentenced for a crime committed while on parole must serve the remainder of the term imposed for the previous offense before he serves the term imposed for the subsequent offense. *See* Mich. Comp. Laws § 768.7a(2); *see also People v. Filip*, 278 Mich. App. 635, 642, 754 N.W.2d 660 (2008). When a consecutive sentence is imposed, the defendant is not entitled to receive credit for pre-sentence time served on that sentence. *See People v. Connor,* 209 Mich. App. 419, 431, 531 N.W.2d 734 (1995); *People v. Watts,* 186 Mich. App. 686, 687, 464 N.W.2d 715 (1991). The state court decisions are in keeping with these provisions. A federal court will not review a state court decision on a matter of purely state law. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Long v. Smith*, 663 F.2d 18, 22-23 (6th Cir. 1981). Habeas relief is not warranted on this claim.

**V.     Conclusion**

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained in his petition and the petition must be denied.

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the

applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects a claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claims. *Id*. at 336-37. With this standard in mind, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his habeas claims. No certificate of appealability is warranted in this case nor should Petitioner be granted leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous and cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

Accordingly;

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** and leave to proceed *in forma pauperis* on appeal is **DENIED**.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: July 27, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 27, 2010, by electronic and/or ordinary mail.

                                           s/Carol A. Hemeyer
                                           Case Manager